UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                                                        Crim. No. 06-81(1) (JNE)
                                                                                                             ORDER

Larry Eugene Burrell,

       Defendant.

After Defendant Larry Eugene Burrell pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, the Court sentenced him to 168 months' imprisonment. In 2009, he moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c) (2006). The Court reduced his sentence to 151 months' imprisonment. Burrell appealed, and the Eighth Circuit Court of Appeals vacated and remanded. The mandate of the appellate court was issued on October 19, 2010. This Court's responsibility is to reconsider Defendant's motion for a sentence reduction, *see* § 3582(c), and to explain the exercise of its discretion in determining that sentence reduction, *see id.* § 3553(a). The Court concludes that a reduction from 168 months to 151 months is appropriate in this case.

## I. STANDARD

Under § 3582(c)(2), a district court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*[ *v. United States*, 130 S. Ct. 2683, 2691-92 (2010)] (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)). The court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692; *see also* U.S.S.G. § 1B1.10(b) cmt. n.1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . . ."). In contrast to an initial sentencing proceeding, however, a court proceeding under § 3582(c)(2) generally may not pronounce a sentence below the minimum of the amended guidelines

1

range. *Dillon*, 130 S. Ct. at 2691. An exception to this general rule occurs if the originally imposed term of imprisonment was below the minimum of the originally calculated guidelines range, in which case § 1B1.10 authorizes a sentence "comparably" below the amended range. *Id.* at 2691-92. In determining whether and to what extent a reduction in sentence is warranted, the court must also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10(b) cmt. n.1(B)(ii), and it may consider "post-sentencing conduct of the defendant," *id.* at cmt. n.1(B)(iii).

*United States v. Burrell*, No. 09-1664, 2010 WL 3732097, at *2 (8th Cir. Sept. 27, 2010).

## II. DISCUSSION

**A.    Applicable amended guideline range**

The analysis must begin with clarification of what Defendant's sentencing guideline range actually was and is. At the 2007 sentencing, the Court calculated Defendant's guideline range to be 168 to 210 months based on a total offense level of 33 and a criminal history category of III. The Court, however, sentenced him *as if* his criminal history category were II, which yielded a range of 151 to 188 months. In his appellate brief, Defendant conflated his original applicable guideline range of 168 to 210 months with the as-if range of 151 to 188 months. The appellate court seemed to accept the 151 to 188 range as Defendant's actual guideline range: "The district court [at the original sentencing in 2007] found that Defendant's total offense level was 33 and that his criminal history category was II, which resulted in an advisory guidelines range of 151 to 188 months' imprisonment." *Id.* at *1. Defendant did not make the sentencing transcript part of the appellate record. Had he done so, the appellate court would have realized that this Court, in sentencing Defendant, stated: "And the actual Criminal History Category which was properly calculated by the Probation Department is 168 to 210. So just to be clear, my findings are that the total offense level is 33. The Criminal History Category is in fact 3 . . . ." (Sentencing Tr. 4.) Defendant's applicable guideline range was therefore 168

2

to 210 months rather than 151 to 188 months. The Statement of Reasons[1] also recites the 168-to-210 range. This Court was of a mind, however, that Defendant was entitled to a departure in criminal history category under U.S.S.G. § 4A1.3 and agreed to sentence him accordingly. "And that means that . . . to sentence him as if he were a 2, the range would be 151 to 188." (*Id.*) He did not actually have a criminal history category of II. His actual criminal history category was III. The Court simply agreed to sentence him *as if* he were a II.

In 2009, the Eighth Circuit Court of Appeals held that the proper guideline range to use as a starting point for a sentence reduction under § 3582(c)(2) is the guideline range *before* departures under § 4A1.3. *United States v. Blackmon*, 584 F.3d 1115, 1116 (8th Cir. 2009). Because the legal authority to amend a sentence pursuant to § 3582(c)(2) and U.S.S.G. § 1B1.10 is limited to a two-level reduction of offense level based on Defendant's actual, pre-departure guideline range, much of the reduction that Defendant sought is not legally permissible. The Court found Defendant's applicable guideline range to be 168 to 210 months based on an offense level of 33 and a criminal history category of III. "Amendment 706 altered the drug quantity table in U.S.S.G. § 2D1.1 to reduce the base offense level for offenses involving cocaine base by two levels." *United States v. Higgins*, 584 F.3d 770, 771 (8th Cir. 2009). Thus, Defendant's amended applicable guideline range is 135 to 168 months, based on an offense level of 31 and a criminal history category of III.

---

[1] "The Statement of Reasons is a critical part of the sentencing record." *United States v. Smith*, 573 F.3d 639, 662-663 (8th Cir. 2009) (Loken, C.J., dissenting).

Notwithstanding Defendant's assertions; the Government's failure[2] to challenge; and the appellate court's acceptance, the Court cannot find justification in law for the supposed 121-to-151 range. This Court lacks authority to reduce Defendant's sentence to a term of less than 135 months. At sentencing, Defendant's applicable guideline range was 168 to 210 months, and, based in part on the *as-if* range of 151 to 188 months, the Court sentenced Defendant to 168 months' imprisonment, the lower limit of his actual guideline range. Because the Court did not originally impose a sentence "below the minimum of the originally calculated guidelines range," *Burrell*, 2010 WL 3732097 at *2, it "may not pronounce a sentence below the minimum of the amended guidelines range," *id.*, which is 135 months. *See also Dillon*, 130 S. Ct. 2683.

**B.     Warranted reduction**

Defendant's offense conduct supports imposing a sentence of no less than 151 months. *See* § 3553(a). Defendant was involved in large-scale drug distribution and he used a home where children lived as a stash house.

At this point, it is worth reviewing more of the breaks that Defendant received in his initial sentence. Two are notable. First, the Government and Defendant agreed to a plea agreement that miscalculated Defendant's guideline range. Second, the Government agreed to ignore firearms that were found with Defendant's drugs.

The miscalculated range in the plea agreement was 121 to 151 months. That range was not accurate or applicable under any circumstances, even ignoring the firearms. Perhaps in the spirit of overall compromise, though, the Government and Defendant jointly agreed to

---

[2]     In its 2009 response to Defendant's motion for a sentence reduction, the Government relied on *United States v. Hasan*, 245 F.3d 682 (8th Cir. 2001). But the standard from *Hasan* upon which the Government relied (i.e., "the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing," *id.* at 684-85) was superseded in 2008 when the Sentencing Commission amended the Guidelines. *United States v. Chaney*, 581 F.3d 1123, 1126-27 (9th Cir. 2009).

recommend to the Court a sentence of 168 months. That is the sentence Defendant received, even though the starting point—the proper range—was in excess of the range upon which the ageement was based. As it pertains to this sentence modification, this Court notes that Defendant again claims that his applicable range is 121 to 151 months. Now, however, he makes no mention of the fact that he originally *agreed* to a sentence of 168 months with the understanding that his range was 121 to 151 months.

The ignored firearms are relevant to the Court's analysis of the § 3553(a) factors because the weapons bear on the nature and circumstances of the offense and Defendant's history and characteristics. *See* § 3553(a)(1). As recounted in the Presentence Investigation Report,[3] law enforcement received information that Defendant was making frequent trips from St. Paul, Minnesota, to the Bemidji, Minnesota, area to sell large quantities of cocaine base and firearms. Information received from one or more informants indicated: that Defendant's girlfriend, codefendant Tameika Brown, was planning to move to Bemidji; that Defendant had been seen in possession of large quantities of cocaine base; that he carried a fire safe; and that he frequently stayed in motels in the Bemidji area but would be staying with Brown once she obtained housing. On January 13, 2006, a Beltrami County Sheriff's Deputy stopped Defendant for a traffic violation and arrested him for driving under the influence and after revocation. Defendant was in possession of cocaine base, cocaine, marijuana, and six fire-safe keys. Law enforcement canvassed Bemidji-area motels. At one, a concerned citizen reported that Defendant's vehicle

---

[3] Aside from contesting whether the firearms belonged to Defendant and whether they were used in connection with the offense, Defendant did not object to the facts contained in the Presentence Investigation Report. *United States v. Oaks*, 606 F.3d 530, 541 (8th Cir. 2010) (The Eighth Circuit has "repeatedly held 'that unless a defendant objects to a specific factual allegation contained in the [Presentence Investigation Report], the court may accept that fact as true for sentencing purposes.'" (quoting *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir.1999)).

had been at a nearby apartment. Law enforcement officers interviewed Brown at the apartment. Brown said that Defendant had been there that day. When asked if he had left anything in the apartment she became emotional and opened several doors. An officer found a Brinks fire safe. Brown denied that the safe was hers. Authorities then executed a search warrant and found: a Brinks fire safe in the garage; a Sentry fire safe in the master bedroom closet; a box of 35 rounds of Remington UMC .380 automatic bullets in the Brinks safe; a COBRAY-11 (Mac-11) 9-millimeter semiautomatic firearm and 21 rounds of 9 millimeter ammunition in the master bedroom; 546 grams of cocaine base in the Sentry safe; 633 grams of cocaine; marijuana; and $20,400 in the master bathroom cabinet.

The Presentence Investigation Report recommended a two-point increase in offense level pursuant to § 2D1.1(b)(1) to account for the semiautomatic weapon found in the master bedroom. Defendant objected. The Government, which had bound itself to a plea agreement that ignored the weapons, responded that it would be unable to prove the connection between the gun and the offense of conviction. (Sentencing Tr. 3.) Although a firearm "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense," § 2D1.1(b)(1) cmt. 3, the Court acquiesced in the parties' joint request that the guideline range not include that enhancement. With the enhancement, the guideline range would have been 210 to 262 months and would not have encompassed the jointly recommended 168-month sentence.

Unlike some sentences that are reduced pursuant to the guideline change, Defendant was not sentenced in a mandatory sentencing scheme.[4] Taking all relevant factors, including the plea

---

[4] *United States v. Booker*, 543 U.S. 220 (2005), was issued in 2005, and Defendant was sentenced on June 4, 2007.

agreement, into account, the Court sentenced Defendant to what seemed a fair term of imprisonment. That sentence, 168 months, seems fair to this day. Under the circumstances, the Court would not have been surprised if the Government had objected to any reduction under § 3582. Indeed, judging from the fact that Defendant said essentially nothing (in the District Court) in support of his motion, he could not have expected much from it. The Government, as discussed above, not only acquiesced in the motion but agreed with Defendant's erroneous assertions about the applicable range. In this Court's view there was little, if anything, to be said in support of the reduction. Nevertheless, a 151-month sentence is probably consistent with the goals of § 3553(a) and is not worth a challenge to the joint forces of both parties. The Court realizes that these are not particularly compelling reasons to have reduced the sentence to 151 months. Perhaps the more compelling argument could have been made to deny the sentence reduction altogether.[5] But the criminal justice system operates according to an adversarial model. When the Government agrees to a reduction, it takes more egregious facts than these to reject that joint recommendation. Defendant, having made no argument to this Court and absolutely no rebuttal to the Government's response,[6] apparently elected to save his arguments for the appellate court.

This Court's reasons for imposing the 151-month sentence are as follows. A sentence below 135 months would be inconsistent with the law. Furthermore, a sentence below 151 months would be inconsistent with the purposes of sentencing set out in § 3553(a) for the reasons

---

[5] Accordingly, even without consideration of the firearms discussed above, a sentence of 151 months would be sufficient but not greater than necessary to accomplish the sentencing goals set out in § 3553(a).

[6] Defendant *personally* requested to respond *after* the Court reduced his sentence, (*see* Docket No. 156), but he was represented and his attorney did not follow up on the request for reconsideration.

and factors discussed above.[7] And the Court refrains from imposing a sentence greater than 151 months because no new facts are before the Court since Defendant's successful appeal and doing so might therefore chill Defendant's exercise of his appellate rights. *See Alabama v. Smith*, 490 U.S. 794 (1989).

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED that Defendant's sentence is amended to 151 months.

Dated: October 26, 2010

                                                                      s/ Joan N. Ericksen
                                                                       JOAN N. ERICKSEN
                                                                       United States District Judge

---

[7] Neither party saw fit to raise Defendant's post-sentencing conduct in the motion papers filed with this Court when Defendant originally brought his motion to reduce his sentence. On May 10, 2008, however, the probation office sent a letter to the Court describing Defendant's post-sentencing conduct. Defendant's post-sentencing conduct, consisting of a minor tattooing infraction and the relatively small, but positive steps of enrolling in GED courses and involvement in fitness courses, does not weigh heavily for or against reduction of Defendant's sentence.